IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02754-PAB-MEH

GAYLE DUNN,

    Plaintiff,

v.

ERIC K. SHINSEKI, Secretary, United States Department of Veteran Affairs,

    Defendant.

**ORDER**

    This matter is before the Court on the Renewed Motion to Stay Deadline to File Response to Defendant's Motion for Summary Judgment Pending Resolution of Discovery Issues [Docket Nos. 36, 39] filed by plaintiff Gayle Dunn on December 20, 2011. In a December 19, 2011 order, *see* Docket No. 35, the Court construed plaintiff's first motion to stay [Docket No. 33] as a request for the Court to "defer considering the motion [for summary judgment]," Fed. R. Civ. P. 56(d), and denied the request because plaintiff had not "show[n] by affidavit or declaration that, for specified reasons, [she] cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Plaintiff has now supplied an affidavit in support of her renewed motion. *See* Docket No. 39-1. In her affidavit, plaintiff avers that she needs to depose three additional individuals in order to adequately respond to defendant's motion for summary judgment because those individuals "are important and essential to [her] case as they are direct witnesses to events" surrounding her claims. Docket No. 39-1 at 1, ¶ 7. "Although the affidavit

need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented." *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (citation omitted). "This includes identifying the probable facts not available and what steps have been taken to obtain these facts." *Id.* (citation omitted). Plaintiff's bare assertion that the three witnesses are "essential" because they are "direct witnesses" fails to "identify[] the probable facts not available." Nor does plaintiff explain why she is unable to support material factual assertions without these particular witnesses' testimony. The Court, therefore, will deny plaintiff's request.

Plaintiff's response to defendant's motion for summary judgment is due on December 22, 2011. The Court will, however, grant plaintiff an extension of time to respond to defendant's motion for summary judgment. Therefore, it is

**ORDERED** that plaintiff's Renewed Motion to Stay Deadline to File Response to Defendant's Motion for Summary Judgment Pending Resolution of Discovery Issues [Docket No. 36] is DENIED. It is further

**ORDERED** that the deadline for plaintiff to file a response to defendant's motion for summary judgment is extended until **Wednesday, January 4, 2012**.

DATED December 21, 2011.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge