IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02754-PAB-MEH

GAYLE DUNN,

    Plaintiff,

v.

ERIC K. SHINSEKI, Secretary, United States Department of Veterans Affairs,

    Defendant.

---

## ORDER

---

This matter is before the Court on defendant's motion for summary judgment [Docket No. 31]. The motion is fully briefed and ripe for disposition.

Plaintiff Gayle Dunn, who is African American, brings suit pursuant to Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.*, contending that, on account of her race, she was not selected for a Pharmacy Program Specialist position with Health Administration Center's Business Process Office ("BPO") of the U.S. Department of Veterans Affairs. Defendant argues that there is insufficient evidence of discrimination to survive summary judgment.[1]

---

[1] Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City & County of Denver,* 36 F.3d 1513, 1517 (10th Cir. 1994); *see also Ross v. The Board of Regents of the University of New Mexico,* 599 F.3d 1114, 1116 (10th Cir. 2010). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.,* 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and

Plaintiff does not contend that there is direct evidence of discrimination in this case. Therefore, to determine whether circumstantial evidence of discrimination supports plaintiff's claim, the Court applies the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002). First, plaintiff must make out a prima facie case of employment discrimination, *see Garrett*, 305 F.3d at 1216, which, in the specific context of not being selected for an open position, consists of the following elements: (1) the plaintiff belongs to a protected class, (2) the plaintiff applied and was qualified for a job for which the employer was seeking applicants, (3) despite being qualified, the plaintiff was rejected, and (4) after the plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of the plaintiff's qualifications. *McDonnell Douglas*, 411 U.S. at 802; *see Fischer v. Forestwood Co., Inc.*, 525 F.3d 972, 982-83 (10th Cir. 2008). If plaintiff identifies evidence sufficient to make out a prima facie case, the burden shifts to defendant to offer a legitimate, nondiscriminatory reason for failing to hire plaintiff for the position. *See Exum v. United States Olympic Comm.*, 389 F.3d 1130, 1134-35 (10th Cir. 2004). If defendant does so, the burden shifts once more to Plaintiff to prove Defendant's proffered reason merely a sham or pretext. *See id.* at 1135.

The Court need not determine whether plaintiff has identified evidence

---

preclude summary judgment. *Faustin v. City & County of Denver,* 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee,* 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

supporting a prima facie case.  Defendant asserts that it hired Lisa Leddy for the position (instead of plaintiff) because Ms. Leddy "had substantive, recent retail pharmacy experience and [because of] her knowledge of private sector insurance formularies."  Docket No. 31 at 6, ¶ 46.  These constitute legitimate, nondiscriminatory reasons for hiring Ms. Lisa Leddy instead of plaintiff.  In an attempt to demonstrate that these reasons are pretextual, plaintiff argues that retail pharmacy experience was not required for the position, identifies evidence of procedural irregularities in the hiring process, and references defendant's past history of hiring African Americans in the BPO.

Under different circumstances, such evidence might be relevant to determining whether defendant's proffered reasons for hiring her were the actual reasons.  *See Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997) ("Pretext can be shown by 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.'") (quoting *Olson v. Gen. Elec. Astrospace*, 101 F.3d 947, 951-52 (3d Cir. 1996)).  Here, however, plaintiff admits that defendant "selected Leddy because she had substantive, recent retail pharmacy experience and her knowledge of private sector insurance formularies."  Docket No. 31 at 6, ¶ 46; Docket No. 45 at 7, ¶ 46.  Plaintiff argues that this fact is "immaterial" because the position "did not require retail pharmacy experience."  Docket No. 45 at 7, ¶ 46; *see* Docket No. 45 at 18 ("[T]he wealth of information supports that retail pharmacy experience was not a requirement of the position.").  However, "[t]he relevant

inquiry is not whether the employer's proffered reasons were wise, fair or correct, but whether it honestly believed those reasons and acted in good faith upon those beliefs." *Rivera v. City and County of Denver*, 365 F.3d 912, 924-25 (10th Cir. 2004) (internal quotation marks and alterations omitted).[2]  Plaintiff's contention that the actual reason for Ms. Leddy's hire constituted bad judgment or that Ms. Leddy's hiring contravened certain internal policies does not create a dispute material to her Title VII claim given that plaintiff admits that Ms. Leddy was hired for reasons which are non-discriminatory. *See Simms v. Okla. ex rel. Dep't of Mental Health and Substance Abuse Servs.*, 165 F.3d 1321, 1330 (10th Cir.1999) (noting that federal courts do not sit as "super personnel department[s]" to "second guess[ ] employers' business judgments") (internal quotation marks and citations omitted).  Consequently, defendant is entitled to summary judgment.

For the foregoing reasons, it is

**ORDERED** that defendant's motion for summary judgment [Docket No. 31] is GRANTED.  Judgment shall enter in favor of defendant and against plaintiff.  It is further

**ORDERED** that the trial preparation conference scheduled for July 27, 2012 and the trial scheduled to commence on August 6, 2012 are VACATED.

---

[2]Moreover, "to suggest that an employer's claim that it hired someone else because of superior qualifications is pretext for discrimination rather than an honestly (even if mistakenly) held belief, a plaintiff must come forward with facts showing an 'overwhelming' 'disparity in qualifications.'" *Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1211 (10th Cir. 2010) (citation omitted).  Plaintiff has failed to come forward with such evidence here.

4

DATED May 31, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge